IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER M. NOVAK, | § § § § § § § § § § | |
| Plaintiff, | | |
| | | Civil Action No. 1:12-cv-00548 |
| v. | | |
| CELLTEX THERAPEUTICS CORPORATION, | | |
| Defendant. | | |

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff Jennifer M. Novak ("Novak" or "Plaintiff") and Defendant Celltex Therapeutics Corporation ("Celltex") file this motion asking the Court to approve the settlement of Plaintiff's claims for violation of the Fair Labor Standards Act ("FLSA") and to dismiss Plaintiff's claims with prejudice pursuant to the settlement agreement of the parties. Because the parties agreed to keep the terms of the settlement agreement confidential, the parties request that the Court receive the settlement agreement under seal and are filing it separately with a motion to file under seal.

### Description of the Lawsuit and Disputed Claims

Plaintiff worked for the Defendant for approximately six months. She alleges that her role was primarily administrative or clerical, and did not warrant designation under any exemption to overtime rights identified by the FLSA. Defendant disagrees, and contends that Plaintiff was properly exempt under that law. Plaintiff filed a lawsuit alleging that she was not paid overtime for the hours in excess of forty (40) worked during certain workweeks.

1

Case 1:12-cv-00548-SS Document 2 Filed 06/22/12 Page 2 of 4

There is a *bona fide* dispute over this matter, and in particular the extent to which overtime compensation is owed to Plaintiff.

On or about June 21, 2012, the parties entered into a confidential settlement agreement. The parties stipulate that the amount of the settlement was calculated to account for overtime wages, liquidated damages, fees and costs, and risks related to asserting such claims. The parties ask the Court to receive the settlement agreement under seal per the separate motion before it, approve the settlement, and dismiss the case with prejudice.

### Legal Standard

FLSA claims may be compromised upon Court approval of a settlement. *Prater v. Commerce Equities Mgmt. Co.*, 2008 U.S. Dist. LEXIS 98795 *5 (S.D. Tex. Dec. 8, 2008); *Lynn's Food Stores, Inc. v. United States, U.S. Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). If a settlement reflects a "reasonable compromise" of a *bona fide* dispute, the court may approve it. *Id.*

In order for a dispute to be considered *bona fide*, "some doubt must exist that the [plaintiff] would succeed on the merits through litigation of his claims." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008). A *bona fide* dispute over the applicability of an overtime exemption, the appropriateness of liquidated damages, and the existence of other defensive pleadings are factors the Court can consider in determining whether a settlement is a reasonable compromise of a *bona fide* dispute. *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 U.S. Dist. LEXIS 90070 *17-20 (E.D. Ky., October 23, 2008).

### The Settlement is a Reasonable Compromise of a *Bona Fide* Dispute

Plaintiff asserts that she is owed overtime pay for time that she worked in excess of a forty hour workweek. Defendant asserts and Plaintiff denies that she was paid for all compensable time. Defendant has taken the position that defenses to such claims exist. As such, there is a *bona fide* dispute regarding liability and the degree to which liquidated damages are owed.

### Conclusion

There is a *bona fide* dispute over whether overtime is owed to Plaintiff. The parties ask the Court to review the settlement agreement and approve it. The parties also ask the Court to dismiss all claims with prejudice in furtherance of the terms of the settlement agreement, with each party to bear its own costs.

Respectfully submitted,

**WEISBART SPRINGER HAYES, LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

By:   /s/ Sherrard (Butch) Hayes
      Sherrard (Butch) Hayes
      State Bar No. 00784232
      shayes@wshllp.com

**ATTORNEYS FOR PLAINTIFF**

**THE COOK LAW FIRM**
5701 Woodway, Suite 330
Houston, Texas 77057
713.552.0700
713.552.1610 fax


By:   /s/ Grant Cook
      Grant Cook
      State Bar No. 04732000
      gcook@cooklawonline.com

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this pleading has been served on all counsel of record listed below via e-service, on the 22nd day of June, 2012:

Grant Cook
The Cook Law Firm
5701 Woodway, Suite 330
Houston, Texas 77057
713.552.0700
713.552.1610 fax
gcook@cooklawonline.com


/s/ Sherrard (Butch) Hayes
SHERRARD L. HAYES